UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ISAN CONTANT, :
:
    Petitioner :
: CIVIL NO. 1:CV-09-0633
    vs. :
: (Judge Caldwell)
CRAIG A. LOWE, et al., :
:
    Respondents. :

*M E M O R A N D U M*

The pro se petitioner, Isan Contant, has filed a timely motion for reconsideration, technically a motion to alter or amend under Fed. R. Civ. P. 59(e),[1] of our May 7, 2009, order denying his 28 U.S.C. § 2241 petition. For the following reasons, his motion will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to

---

[1] "The Federal Rules of Civil Procedure do not specifically refer to a motion to reconsider but such motions, if filed within ten days of judgment, are generally treated as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000).

correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In our order, we sua sponte dismissed the 2241 petition as an abuse of the writ because we had previously adjudicated a 2241 petition involving Petitioner's continued ICE detention. *Contant v. Attorney General*, No. 1:CV-08-1852, (M.D. Pa. Feb. 20, 2009). Petitioner argues this was error because we should have first given him an opportunity to address the abuse-of-the-writ issue before dismissing on that basis, citing *Milovanovic v. Samuels*, 266 Fed. Appx. 91, 92 n.2 (3d Cir. 2008)(per curiam)(nonprecedential).

We agree that we should not have acted sua sponte without first giving Petitioner an opportunity to address the issue, but our procedural error is not a reason to alter our judgment, as Petitioner has argued in his reconsideration motion why his 2241 petition is not barred as an abuse of the writ, and we find the argument unpersuasive.

To avoid dismissal as an abuse of the writ, Petitioner must show cause and prejudice; that is, cause for his failure to raise a claim in a previous 2241 petition, and prejudice if we fail to consider the claim now. Alternatively, Petitioner must show "a fundamental miscarriage of justice" if we do not consider

the claim. *Zayas v. INS*, 311 F.3d 247, 254 (3d Cir. 2002)(quoting *McCleskey v. Zant*, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).

Petitioner argues that he would be prejudiced if we do not consider this 2241 petition. He fails to argue cause, or that a fundamental miscarriage of justice would occur. Hence we see no reason to disturb our dismissal of the petition.

More importantly, the instant 2241 petition raises no new grounds for relief, so there is no new claim that would not be adjudicated if we do not consider this petition. In fact, the previous petition raised two grounds for relief not presented here, substantive due process and equal protection.

We will issue an appropriate order.

                                                  /s/William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge

Date: July 9, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
ISAN CONTANT,                     :
                                  :
       Petitioner                 :
                                  :    CIVIL NO. 1:CV-09-0633
       vs.                        :
                                  :    (Judge Caldwell)
CRAIG A. LOWE, et al.,            :
                                  :
       Respondents.               :
```

*O R D E R*

AND NOW, this 9th day of July, 2009, it is ordered that Petitioner's motion for reconsideration (doc. 10) is denied.

                                                /s/William W. Caldwell  
                                                William W. Caldwell  
                                                United States District Judge